370 P.2d 207

**H. D. HANSEN, Jr., and Mildred H. Hansen, husband and wife, Plaintiffs and Respondents,**

**v.**

**Leo G. JENSEN, Defendant and Appellant.**

No. 9475.

Supreme Court of Utah.

April 10, 1962.

Olson & Calderwood, Logan, for appellant.

George D. Preston, Logan, for respondents.

HENRIOD, Justice.

Appeal from a judgment for damages occasioned by removal of earth from a small area claimed by plaintiffs. The damage award is affirmed. The findings and decree that purport to establish title to the area in plaintiffs are ordered vacated, to be substituted by findings and decree for damage in harmony with this decision and the basic tort claim for damages only. No costs awarded.

In 1872 the fee owner deeded the area to Logan City. It was used and platted as a public way. Logan City long since has disconnected the area from the city limits. In 1912, as no doubt happened more than once in those days, an interstate railroad built its roadbed over the area, with no evidence of acquisition of title thereto. However, it paid taxes thereon until it abandoned the road, after which the plaintiffs, its quitclaim grantees, continued to pay taxes thereon to date, without any better evidence of title to the area, and without making any effort to interfere with the defendant's use thereof as a way of ingress and egress to his property.

To level a drain alongside the roadbed, defendant, owner of land across the tracks, and for his own personal convenience and use, removed earth from the area, to be used as fill. Such removal is the basis of this suit sounding in trespass quare clausum fregit.

From the record there appears to have been a use of the surface of the area either as a private or public way, available to the litigants here. Payment of taxes for over half a century by plaintiffs and their predecessors, and the acquisition of a deed from the railroad, appearing to be valid on its face, may not establish any title in the fee, but they reflect at least a claim to a possessory interest in the subsurface topsoil, having sufficient merit, with color of title, as to preclude a complete, nonclaiming stranger from disturbing that part of the corpus. An action at least for nominal damages based on trespass would seem to lie under such circumstances.

A sufficiently large cubic yardage was removed by defendant, according to believable evidence adduced, as to justify the trial court's conclusion that there had been a trespass upon plaintiff's possessory claim, which claim appears, at least, to have been superior to any assertable by defendant in the topsoil in question as distinguished from a surface easement right

We are inclined to suggest that we well may have sustained only a judgment for nominal damages here, but the modest judgment awarded does not warrant modifica--

tion, in our opinion, particularly since the trial court had an opportunity to view the premises and the result of the earth removal by defendant.

WADE, C. J., and CALLISTER, Mc-DONOUGH, and CROCKETT, JJ., concur.